1113

NICHOLS MOTORCYCLE SUPPLY, INC., Respondent v. REGENCY KA-WASAKI, INC., Appellant.

(367 S. E. (2d) 438)

Court of Appeals

*W. Jefferson Leath, Jr.*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for appellant.*

*J. Randolph Pelzer*, and *Stephen P. Bucher*, both of *Pelzer and Associates, P.A.*, Charleston, *for respondent.*

Heard Dec. 14, 1987.

Decided March 14, 1988.

BELL, Judge:

This is an action to set aside a sale for violation of the Uniform Commercial Code governing bulk transfers.[1] The case arises from a sale of inventory by Kawasaki of Charleston, Inc., a retail motorcycle dealer, to Regency Kawasaki, Inc., another-dealer. Nichols Motorcycle Supply, Inc., a business creditor of Kawasaki of Charleston, alleges the transfer was ineffective against it because Regency did not comply with the Code. The circuit court agreed and entered judgment for Nichols. Regency appeals. We affirm.

The material facts are undisputed. Nichols is a wholesale

---

[1] Section 36-6-101 through Section 36-6-111, Code of Laws of South Carolina, 1976.

distributor of motorcycle parts and supplies. At the time of the transfer in question, Kawasaki of Charleston owed Nichols $21,624.85 on account. Near the end of February 1985, Kawasaki of Charleston, without giving notice to Nichols, transferred substantially all of the equipment, fixtures, and inventory of its enterprise to third parties and closed its business.

Approximately one hundred new motorcycles, held by Kawasaki of Charleston under a floor plan financing with the manufacturer (who retained title), were redelivered to the manufacturer in satisfaction of its security interest. These motorcycles were valued at $200,000. Nichols does not challenge this transfer.

After the new motorcycles had been redelivered to the manufacturer, Kawasaki of Charleston sold all its used and junk motorcycles and a quantity of motorcycle parts and accessories to Regency for $30,000. Regency arrived at Kawasaki of Charleston's place of business on a weekend with two trucks, purchased the goods on the spot, and hauled them away the same day. The inventory and equipment remaining after this sale were valued at $20,000. Regency gave no notice of any kind to Nichols either before or after it took possession of the goods or paid for them. Kawasaki of Charleston's transfer to Regency forms the subject matter of this action.

The circuit court held Kawasaki of Charleston's sale to Regency was not effective against Nichols because Regency did not give Nichols statutory notice of the transfer at least ten days before taking possession of the goods, as required by the bulk transfers statute. *See* Code § 36-6-105. On appeal, Regency contends the court erred because: (1) the transfer is not subject to the Code; and (2) if the transfer is subject to the Code, Regency substantially complied with the statute.

I.

A bulk transfer of goods by an enterprise whose principal business is the sale of merchandise from stock is subject to the Code. Code § 36-6-102(3) and (4). A "bulk transfer" is

any transfer in bulk and not in the ordinary course of

the transferor's business of a major part of the ... inventory (§ 36-9-109) of an enterprise. ...

Code § 36-6-102(1). Goods are "inventory" if they are held by a person who holds them for sale. Code § 36-9-109(4).

Regency does not dispute that Kawasaki of Charleston was in the business of selling merchandise from stock nor that the transfer in question was a transfer of inventory, that it was in bulk, and that it was not in the ordinary course of business. Instead, Regency argues that the goods it purchased were not "a major part" of the inventory and so not subject to the Code.

Regency's position rests on the premise that the total value of the inventory, including the new motorcycles, was $250,000. Therein lies the fallacy of its argument. As stated above, goods are inventory if they are held by a person who holds them for sale. The key word is "held." Goods are not *held* for sale when the right to possess them is lost. *County of Hennepin v. Honeywell, Inc.*, 297 Minn. 112, 210 N. W. (2d) 38 (1973). Thus, if possession is lawfully transferred to someone else, the goods are no longer "held" by the transferor and cease to be inventory for the purpose of subsequent transactions. As between any two parties, what goods constitute "inventory" under the Code is to be determined at the time of the transaction between them. *Franklin Investment Co. v. Homburg*, 252 A. (2d) 95 (D. C. App. 1969).

Applying these principles to the facts of this case, we conclude that the new motorcycles were not part of the inventory at the time of the bulk transfer to Regency. Kawasaki of Charleston had already given possession of the new motorcycles to the manufacturer in realization of its security interest.[2] The new motorcycles were not even on the premises when Regency came to deal with Kawasaki of Charleston. At that time, the property held by Kawasaki consisted of the $30,000 worth of inventory purchased by Regency and some $20,000 in remaining inventory *and* equipment. Without question, the transfer to Regency

[2] Transfers in realization of a security interest are not subject to the provisions of the Code. *See* Code § 36-6-103(3); *American Metal Finishers, Inc. v. Palleschi*, 55 A.D. (2d) 499, 391 N. Y. S. (2d) 170 (1977).

constituted a "major part" of the inventory. *See Main v. Hall*, 41 F. (2d) 715 (7th Cir. 1930).

## II.

Code § 36-6-104(1) provides in pertinent part:

[A] bulk transfer subject to this Chapter is ineffective against any creditor of the transferor unless:

(a) The transferee requires the transferor to furnish a list of his existing creditors prepared as stated in this section; and

(b) The parties prepare a schedule of the property transferred sufficient to identify it. . . .

The section goes on to specify that the list of creditors must contain the names and addresses of the transferor's existing creditors and must be signed and sworn to by the transferor or his agent. *See* Code § 36-6-104(2).

Regency's owner testified that before he came to Charleston he consulted his lawyer, who informed him about the bulk sales law and advised him to get a list of creditors "before I bought anything." Ignoring this advice, Regency purchased the inventory on the spot. Several days after the sale, Kawasaki of Charleston furnished Regency an affidavit which stated:

I HEREBY sell to Regency Kawasaki, Inc., assorted and miscellaneous motorcycles, parts, and accessories owned by Kawasaki of Charleston, Inc., on the above date. I also affirm this date that the transferred items are free from any lien or encumbrances.

The affidavit was dated February 24, 1985, and was notarized on February 28, 1985. It contained no list of creditors and no schedule of property prepared by the parties to identify the goods transferred. There was also no statement that Kawasaki of Charleston had no existing creditors.

The circuit court held that the affidavit did not comply with the Code for several reasons. One ground for the court's judgment was that the general description of the property in the affidavit was not a schedule of the property transferred sufficient to identify it. Regency took no exception to this ruling and did not argue against it in its brief. Since this

holding constitutes an independent ground for upholding the judgment, we affirm on this ground. *Folkens v. Hunt*, 290 S. C. 194, 348 S. E. (2d) 839 (Ct. App. 1986).

Affirmed.

SHAW and CURETON, JJ., concur.

